| GERALD J. CALOGERO | * | NO. 2019-CA-0347 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| USA AGENCIES CASUALTY INSURANCE COMPANY, INC. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent. Upon review of the record and applicable law, I find the appeal untimely. For the following reasons, I would dismiss the appeal.

As noted by the majority, this Court ordered appellant to show cause in writing why the appeal should not be dismissed as untimely, considering that the motion for appeal was filed fifty-four days after the mailing of the notice of signing of judgment, well beyond the ten day delay for an appeal from a judgment rendered by a city court, pursuant to La. C.C.P. art. 5002. In response, appellant submitted the affidavit of his attorney, who attested that she never received the November 16, 2018 notice of signing of judgment from First City Court, and, moreover, she had moved her law office from 3900 North Causeway Blvd., Suite 1200, Metairie, Louisiana, to 3017 21st Street, Suite 211, Metairie, Louisiana, on November 1, 2018. As acknowledged by appellant's counsel, the record reflects that the November 16, 2018 notice of signing of judgment from First City Court was mailed to appellant through counsel at the address of 3900 North Causeway Blvd., Suite 1200. The record further reflects that appellant's counsel continued through November, 2018, and into January, 2019, to use the 3900 North Causeway

1

Blvd. address on pleadings and e-mail correspondence with both opposing counsel and the law clerk for the First City Court trial judge.[1]

Louisiana Rules of Court require an attorney of record to state a current address on every pleading and inform the court of any change of address; Rule 6, Sections 6 and 7, Rules of First City Court of the City of New Orleans, provide as follows:

> Section 6: Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address, telephone number and zip code shall be stated.
>
> Section 7: When an attorney whose name is shown on any pleading as provided in Section 6 hereof moves his office from one location to another, he must change his address on all pleadings which he has previously filed an on which the former address has been shown. **The failure to do so will bar such attorney from pleading the nonreceipt of notice mailed by the Court to his address originally shown on the pleadings**.

(emphasis added); *see also*, Rule 9.7, Rules of Louisiana District Court ("The correct mailing address, street address, phone number, facsimile number, and e-mail address, if any, of the person signing the pleading, an in the case of an attorney, the Louisiana Bar Identification Number, shall appear below the signature.").

From my review of the record before this Court, in light of the relevant statutory requirements for filing a timely appeal and the Rules of Court regarding signed pleadings, I find the instant appeal untimely and, consequently, that this Court is without jurisdiction to consider the merits of the appeal. Accordingly, I would dismiss the appeal with prejudice.

---

[1] On November 19, 2018, appellant's counsel filed in First City Court an Opposition to LIGA's *Ex Parte* Request for New Trial. The address stated on that signed pleading was 3900 North Causeway Blvd., Suite 1200, Metairie, Louisiana. The record reflects the next filing by appellant's counsel as a motion to enroll additional counsel, on January 9, 2019, which stated her address as 3017 21st St., Suite 211, Metairie, Louisiana. However, the record also reflects e-mail correspondence between appellant's counsel, opposing counsel, and the law clerk for the First City Court trial judge, on January 14 and 24, 2019, which included appellant's counsel's address as 3900 North Causeway Blvd., Suite 1200.